**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOSEPH POLIVKA,                                                          PETITIONER
ADC #070801

v.                                          5:10-cv-00294-JMM-JJV

ARTIS RAY HOBBS, Director,                                        RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Petitioner, Joseph Polivka, an inmate in the Cummins Unit of the Arkansas Department of Correction (ADC), brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2).

## I.     BACKGROUND

On August 1, 2006, Mr. Polivka entered a plea of guilty to two counts of criminal attempt to commit first-degree murder and one count of felon in possession of a firearm.  (Doc. No. 10, Ex. 1).  Mr. Polivka's two counts of criminal attempt were subject to two felony firearm enhancements.  (*Id.*).  Mr. Polivka was sentenced to serve thirty years on each of the two counts of criminal attempt and five years for the felon in possession of a firearm count.  (*Id.*).  Mr. Polivka also received two fifteen-year terms for the firearm enhancements.  (*Id.*).  The Court ordered that Mr. Polivka serve his sentences consecutively for a total sentence of 1,140 months.  (*Id.*).

Mr. Polivka filed a direct appeal to the Arkansas Court of Appeals.  (Doc. No. 10, Ex. 2).  In his appeal, he argued that his fifteen year sentences for the felony-firearm convictions were excessive and his sentences were more than any amount of time he would have served under his original sentence for the underlying crime.  (*Id.*).  He also argued that "the meritorious good time allowed by ARK. CODE. ANN. § 16-90-121 should be applied to § 16-90-120, under which he was

sentenced."  The Arkansas Court of Appeals affirmed Mr. Polivka's conviction on September 12, 2007.  (*Id*.).

On November 7, 2007, Mr. Polivka filed a petition for post-conviction relief under Rule 37 in the Garland County Circuit Court.  (Doc. No. 10, Ex. 3).  In his Rule 37 petition, Mr. Polivka argued that his counsel was ineffective for the following reasons: (1) failing to object to the State's argument made during sentencing that Mr. Polivka may be released early; (2) failing to object to the State's argument made during sentencing to the jury that "[Mr. Polivka] didn't apologize to his daughter, and you (jury) shouldn't believe one io[t]a of what [Mr. Polivka] has told you"; (3) failing to present mitigating evidence regarding Mr. Polivka's mental health and use of prescription drugs; (4) failing to ensure that the trial court followed Arkansas Rules of Criminal Procedure 24.4 and 24.6 in accepting Mr. Polivka's guilty plea; (5) failing to prepare for trial; (6) failing to object to Mr. Polivka's sentence as excessive; and (7) failing to motion the trial court to remove the felony firearm enhancements.  (*Id*.).

The Circuit Court of Garland County denied Mr. Polivka's Rule 37 petition on February 21, 2008, finding that "none of the grounds alleged provide a basis for Rule 37 relief because the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief." (Doc. No. 10, Ex. 4).  Mr. Polivka appealed the denial of his Rule 37 petition to the Arkansas Supreme Court.  (Doc. No. 10, Ex. 5).

On appeal, Mr. Polivka argued that his counsel was ineffective because he failed to (1) "prepare adequately for trial"; (2) "raise the issue of the felony-firearm enhancement"; (3) "ensure that the court followed ARK. R. CRIM. P. 24.4, 24.6, and 24.7"; (4) "object to a jury instruction on parole and good-time-transfer eligibility"; (5) object to the prosecutor's closing comments to the jury"; and (6) "present mitigating evidence during sentencing." (*Id*.).  The Arkansas Supreme Court

3

affirmed the denial of Mr. Polivka's Rule 37 petition on April 1, 2010.  (*Id.*).

Mr. Polivka filed the instant Petition for Writ of Habeas Corpus on September 30, 2010. (Doc. No. 2).   In his Petition, after providing an extensive background history, Mr. Polivka enumerates the following facts entitling him to relief:  (1) he "had ineffective assistance of counsel in the trial court proceedings that amounted to a violation of the Sixth Amendment Constitutional Right"; (2) he was "denied due-process protection of the law, and the right to present a defense to the criminal charges so that the jurors could make a fair determination of the facts presented"; and (3) he was "denied equal protection of the laws by treating [him] differently in the similar situations."[1]  (*Id.*).

In reading Mr. Polivka's Petition liberally, the Respondent filed a Response on December 22, 2010, determining that Mr. Polivka was arguing that his trial counsel was ineffective for the following reasons:  (1) failing "to accurately object to a sentencing jury instruction given by the court, which, according to Polivka, misled the jury as to parole eligibility"; (2) that the "failure to object to that jury instruction deprived Polivka of his rights to due process and equal protection"; and (3) for  failing "to investigate and present to the jury mitigating evidence at sentencing."  (Doc. No. 10).  The Respondent argues that Mr. Polivka's first two claims are procedurally defaulted, and his third claim was reasonably adjudicated in state court.  (*Id.*).

Mr. Polivka filed a Reply on January 14, 2011 (Doc. No. 13), and "contends that his trial counsel [was] ineffective for failing to investigate and present mitigating evidence during sentencing,

---

[1]The Court notes that the bare allegations in Mr. Polivka's Petition are hard to construe.  Mr. Polivka asserts violations of his constitutional rights, but he fails to set forth any facts to support those assertions. While the Court is inclined to dismiss Mr. Polivka's Petition for failure to state a claim, Mr. Polivka did not refute the Respondent's interpretation of his claims, and therefore, the Court will consider the claims as listed by the Respondent.

and he was prejudice[d] by the constitutional violations alleged." (*Id*.).  He later states that he "has made several claims of trial error that raise to constitutional magnitude but were not objected to in state court, due to counsel's ineffectiveness, for failure to move the court on the length of sentencing." (*Id*.).  Therefore, while it appears to the Court that Mr. Polivka is really only challenging his counsel's failure to object to the length of his sentence, the Court will address all the points raised by Respondent.

## II.    DISCUSSION

### A.    Claim One:  Mr. Polivka's counsel was ineffective for failing to accurately object to a sentencing jury instruction given by the court, which misled the jury as to Mr. Polivka's parole eligibility.

Mr. Polivka argues that his counsel was ineffective for failing to object to a sentencing jury instruction given by the court. (Doc. No. 2).  The Respondent contends that Mr. Polivka's argument should be dismissed because it is procedurally defaulted.  (Doc. No. 10).

A federal court is precluded from considering a habeas corpus claim that a "state court has disposed of on independent and adequate non-federal grounds." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citing *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002)).  "This rule applies whether the state law ground is substantive or procedural." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).  Where the state court dismisses a habeas petitioner's claims on independent and adequate state law grounds or the petitioner has failed to fairly present his claims to the state court, the claims are procedurally defaulted, and a federal district court cannot consider them unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation or actual innocence. *Coleman*, 501 U.S. at 750-51; *Prewitt v. Goeke,* 978 F.2d 1073, 1077 (8th Cir.1992); *Reagan,* 279 F.3d at 656.  "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal

habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards."

*Clemons*, 381 F.3d at 750.

Mr. Polivka argued in his Rule 37 petition that "he was deprived of effective assistance of counsel when his attorney failed to insist that the circuit court instruct the jury that he would be ineligible for parole under ARK. CODE ANN. § 16-93-609(b)." *Polivka v. State*, No. CR 08-431, 2010 WL 1253528, *14 (Ark. 2010). The Arkansas Supreme Court found that Mr. Polivka's counsel did not have a duty to object to the jury instructions made by the circuit court. Specifically, the Arkansas Supreme Court held that:

> Appellant fails to cite any authority or make a convincing argument that his trial attorney had a duty to object to the jury instructions made by the court. It is in fact not a violation of the doctrine of separation of powers for a court to instruct the jury on parole and transfer eligibility. *Teague v. State,* 328 Ark. 724, 946 S.W.2d 670 (1997). We will not entertain arguments unsupported by any legal authority. *Weatherford v. State,* 352 Ark. 324, 101 S.W.3d 227 (2003).

*Id*. at 14-15.

The Court finds that the Arkansas Supreme Court's decision denying Mr. Polivka's ineffective assistance of counsel claim was resolved on an adequate and independent state ground, namely his failure to cite any authority that his counsel had a duty to object to the court's jury instructions. Therefore, the Court must now determine whether the Mr. Polivka has shown cause and prejudice or a fundamental miscarriage of justice.

### 1.    Cause and Prejudice

Because Mr. Polivka's claims were barred by a state procedural rule, he must show cause and prejudice or demonstrate a fundamental miscarriage of justice (actual innocence) in order to proceed in federal court on this habeas petition. *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The existence of cause "must ordinarily turn on whether the prisoner can show some

objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. At a minimum, a petitioner must show that something "external to [him], something that cannot be fairly attributed to him," caused the procedural default. *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir.1999) (quoting *Coleman*, 501 U.S. at 753).

Mr. Polivka has failed to prove any cause or prejudice. In his Reply (Doc. No. 13), Mr. Polivka argues that his claims were not fairly presented as a due-process claim because of his counsel's ineffectiveness. However, Mr. Polivka's claim was presented in his *pro se* Rule 37 petition. Any failure to properly present a claim was the sole fault of Mr. Polivka. Furthermore, "[t]here is no constitutional right to effective assistance of post conviction counsel." *Jolly v. Gammon*, 28 F.3d 51, 54 (8th Cir. 1994). Moreover, Mr. Polivka contends that he "lacked the knowledge of the law or procedures necessary to perceive the problem . . ." (Doc. No. 13). However, the United States Court of Appeals for the Eighth Circuit has found that a petitioner's "pro se status [or] limited educational background do not constitute sufficient cause to excuse [] procedural default." *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991). The Court finds that Mr. Polivka has not proven any cause or prejudice to excuse his procedural default.

### 2. Actual Innocence

A federal habeas petitioner who has procedurally defaulted may be able to proceed if he establishes (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him. *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir.1997). The "actual innocence gateway is very limited." *Id*. Few petitioners are "within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id*. (citations omitted).

Mr. Polivka states in his Reply that his counsel's ineffectiveness in failing to "move the court

on the length of sentencing" denied him "his right to argue his factual innocence claim." (Doc. No. 13). He further states that his "contention in his Federal Habeas Petition is that he is actually innocent of the sentence given and the penalty which was imposed.." (*Id.*). However, Mr. Polivka does not present any new and reliable evidence that would support his assertions. Mr. Polivka's conclusory allegations are not sufficient to establish actual innocence. *See Sweet v. Delo*, 125 F.3d 1144, 1152 n.9 (8th Cir. 1997) ("bare, conclusory assertion that a petitioner is actually innocent is insufficient to excuse a procedural default"). Most importantly, Mr. Polivka pled guilty to the charges. Mr. Polivka has not proven actual innocence or that a fundamental miscarriage of justice will occur if this Court does not grant his habeas corpus petition.

**B.      Claim Two: Mr. Polivka's counsel's failure to object to the jury instruction deprived him of his right to due process and equal protection.**

Mr. Polivka contends that his counsel's ineffectiveness in failing to object to the court's jury instructions deprived him of his right to due process and equal protection. (Doc. No. 2). In Claim One, Mr. Polivka argued that his counsel was ineffective; he now argues that ineffectiveness resulted in a deprivation of his due process and equal protection rights. (*Id.*). The Respondent contends that "[w]hile Polivka alleged in his Rule 37 petition that his trial counsel was ineffective for failing to object to jury instructions about parole . . ., he did not claim, so far as the court was able to ascertain, that the lack of that jury instruction amounted to a denial of his due-process or equal protection rights." (Doc. No. 10). The Respondent contends that Mr. Polivka's failure to present a denial of due process or equal protection rights constitutes a procedural default.

A state prisoner, prior to seeking federal habeas review, must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. §2254(b) (stating a state prisoner must exhaust available state court remedies before raising

a claim in a federal habeas corpus proceeding). This exhaustion requirement is in place to afford the state courts the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation") (citations omitted).

Only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim" will the claim be considered exhausted. *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). Claims in a federal habeas petition that were not exhausted in state court and "for which there is no remaining state court remedy" are procedurally defaulted. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). "A federal habeas petitioner's claims must rely on the 'same factual and legal bases' relied on in state court." *Id.*

While properly presenting his ineffective assistance of counsel claim to the state's highest court, Mr. Polivka did not present his due process and equal protection argument.[2] As above, Mr. Polivka's argument is procedurally defaulted and therefore, he must show either cause and prejudice or actual innocence to proceed.

Mr. Polivka fails to establish any cause whatsoever for his failure to raise his claim. The same analysis as above applies. It was the fault of Mr. Polivka, and no one else, that he failed to properly present his due process and equal protection claims. Furthermore, Mr. Polivka fails to present any evidence of actual innocence; therefore, this Court does not have jurisdiction to consider

---

[2]It appears that Mr. Polivka raised his due process claim in his Rule 37. The Arkansas Supreme Court stated that in his November 7, 2007, Rule 37 Petition, Mr. Polivka alleged that "he was denied effective assistance of counsel and due process . . ." *Polivka v. State*, No. CR 08-431, 2010 WL 1253528, *3 (Ark. 2010). However, he never appealed his due process argument.

his claim.

    **C.**    **Claim Three: Mr. Polivka's counsel was ineffective for failing to investigate and present mitigating evidence to the jury at sentencing.**

Mr. Polivka argues that his counsel was ineffective for failing to present certain mitigating evidence at his sentencing.  (Doc. No. 2).  The Respondent contends that Mr. Polivka's argument should be denied because the Arkansas Supreme Court already adjudicated Mr. Polivka's claim and it is, therefore, procedurally defaulted.  (Doc. No. 10).

"In the interests of finality and federalism," federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).  Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim were adjudicated on the merits in the state court proceeding and the state court's decision

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).  A decision involves an unreasonable

application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

In a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. *Simmons v. Luebbers*, 299 F.3d 929, 942 (8th Cir. 2002) Those finding may be set aside "only if they are not fairly supported by the record." *Id.*  (quoting *Purkett v. Elem*, 514 U.S. 765, 769 (1995)); see also *Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006).

When addressing all of Mr. Polivka's ineffective assistance of counsel claims, the Arkansas Supreme Court followed the standard set forth in the United States Supreme Court decision in *Strickland v. Washington*, 466 U.S. 668 (1984).  The Arkansas Supreme Court stated that "[a] defendant making an ineffective assistance of counsel claim must show that his or her counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced the defense." *Polivka v. State*, No. CR 08-431, 2010 WL 1253528, *8 (Ark. 2010).

In his Rule 37 petition, Mr. Polivka argued that "his trial counsel failed to investigate, discover, or present to the jury mitigating evidence regarding how Appellant's mental health had been affected by the prescription drugs he was taking at the time he committed the crime." *Polivka v. State*, No. CR 08-431, 2010 WL 1253528, *15 (Ark. 2010).  As above, the Arkansas Supreme Court again found that Mr. Polivka failed to present any supporting legal authority for his argument that his counsel's failure to present any mitigating evidence at sentencing constituted ineffective

11

assistance of counsel.   *Polivka v. State*, No. CR 08-431, 2010 WL 1253528, *15 (Ark. 2010).

Despite his failure to present any legal authority, the court also discussed the merits of Mr. Polivka's

claim, stating:

> Additionally, while we have held that failure to present any mitigating testimony fails
> to pass constitutional muster, failure to present certain evidence is merely a matter
> of trial strategy when counsel has made a full investigation of the facts. *Lee v. State,*
> 2009 Ark. 255, --- S.W.3d ----. In a hearing on July 24, 2006, Appellant's attorney
> told the court that he had considered presenting a defense based on the fact that
> Appellant was taking Ambien, but his investigations had failed to reveal any
> evidence in support of such an argument. Appellant received a forensic evaluation
> on November 3, 2005, that revealed he was not suffering from any mental disease or
> defect at the time of the offense. Appellant's attorney also introduced evidence before
> the jury that Appellant was taking prescription OxyContin, Ambien, Celebrex,
> Welbutrin, Clonopin, and Flexoril because of injuries he received while serving in
> the military. In closing statements, his counsel suggested that the medication
> Appellant was on somehow led him to have a violent reaction the night of the crime.
> It is clear that Appellant's counsel presented to the jury as much mitigating evidence
> on this issue as was available. Therefore, Appellant was not deprived effective
> assistance of counsel.

*Polivka v. State*, No. CR 08-431, 2010 WL 1253528, *17-18 (Ark. 2010).

Having carefully reviewed the record and the applicable law, the Court concludes that the

rejection of Mr. Polivka's ineffective assistance of counsel claim by the Arkansas Supreme Court

did not involve an unreasonable application of the *Strickland* test, and was not based on an

unreasonable determination of the facts in light of the evidence as set forth in 28 U.S.C. § 2254(d).

Rather, counsel's decision not to present certain mitigating evidence at sentencing was part of his

trial strategy.[3]   Therefore, Mr. Polivka is not entitled to habeas relief.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

---

[3]Counsel's "strategic choices made after a thorough investigation are virtually
unchallengeable" in a later habeas corpus action. *Strickland,* 466 U.S. at 689.

1.      Mr. Polivka's § 2254 Petition (Doc. No. 1) should be DISMISSED with prejudice, and the requested relief be DENIED;

2.      A certificate of appealability should be denied [4]; and

3.      All pending motions should be denied as moot.

DATED this 19th day of July, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[4] Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Caradine has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that a certificate of appealability should be denied.